UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV16-02205 JVS (KS)                    Date:  April 6, 2016
Title       *Arthur Torres v. Scott Frauenheim, Warden*

Present:  The Honorable:    KAREN L. STEVENSON, United States Magistrate Judge

|  Roxanne Horan-Walker  |  C/S  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
N/A                                          N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 31, 2016, Petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus By A Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)  According to the Petition, on May 15, 2001, following a jury trial in Pomona Superior Court for the County of Los Angeles, Petitioner was convicted, *inter alia*, of murder with special circumstances (California Penal Code ("Penal Code") § 187), kidnapping (Penal Code § 207), carjacking (Penal Code  § 215), and kidnapping for the purpose of carjacking. (Petition at 2.)  On July 30, 2001, Petitioner was sentenced to a term of life imprisonment without parole. (*Id.*)

The Petition presents one ground for relief: ineffectiveness of trial counsel in violation of Petitioner's rights under the Sixth Amendment based on trial counsel's alleged failure to investigate or raise at trial certain statements by witness Isabel Morales that she knew the victim, Beto Salas, was going to be killed when she picked him up the night of the killing.  (Petition at 5.)  Petitioner argues that both he and his codefendant denied any carjacking or kidnapping took place and if Morales's statements had been investigated and raised at trial, the jury would not have been able to convict him under a felony murder theory based on the carjacking and/or kidnapping allegations. (*Id.* at 5-6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV16-02205 JVS (KS)                    Date:  April 6, 2016
Title      *Arthur Torres v. Scott Frauenheim, Warden*

### Petitioner's Claim

Petitioner asserts that on April 10, 2015, he received the transcript of an interview in which an investigating deputy "states to homicide detectives that Isabel Morales told him she knew Beto Salas would be killed when she took him to the scene. He states that Morales told him she received a call asking her to bring Beto Salas to the scene so that he could be killed." (*Id.* at 6.)  Petitioner also states that the transcript "was added to the file over one year before the start of trial on 4/4/2000." (*Id.*) Petitioner contends that "trial counsel ignored the information in the transcript, failed to investigate Morales's statements to the deputy and failed to raise the issue at trial. (*Id.*)

### Post-Conviction Proceedings

Petitioner appealed his conviction to the California Court of Appeal raising two grounds: (1) *Marsden* error; and (2) insufficiency of evidence to support felony-murder. (*Id.* at 3.)  The Court of Appeal affirmed the judgment on March 17, 2003. (*Id.*)  On May 21, 2003, the California Supreme Court denied review. (*Id.*)

Petitioner then filed a series of habeas petitions in the Pomona Superior Court, California Court of Appeal and California Supreme Court on April 1, 2004, June 11, 2004 and June 8, 2005, respectively. (*Id.*)  These petitions asserted three grounds for relief: (1) ineffective assistance of counsel at trial and appeal with a request for case file; (2) *Marsden* error; and (3) challenging the constitutionality of California's felony-murder rule. (*Id.* at 4.)  In January 2006, Petitioner filed yet another challenge to his conviction in Pomona Superior Court on three grounds: (1) a request for case file; (2) propriety of restitution fine; and (3) trial court's alleged error in failing to instruct on accessory after the fact. (*Id.*)  The superior court denied the petition on February 14, 2006. (*Id.*) In April 2015, Petitioner filed a habeas petition in the trial court asserting the grounds presented here. (*Id.*) The petition was denied on July 21, 2015. (*Id.*)  He subsequently raised these same claims in habeas petitions filed in the California Court of Appeal (on 8/12/15) and the California Supreme Court (on 10/13/15). (*Id.*)  The Court of Appeal denied relief on September 21, 2015, and on January 27, 2016; the California Supreme Court denied review on procedural grounds, finding the petition untimely. (*Id.* at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.      CV16-02205 JVS (KS)                    Date:  April 6, 2016

Title      *Arthur Torres v. Scott Frauenheim, Warden*

### The Petition Appears To Be Untimely

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to Rule 4, the Court dismisses the Petition with leave to amend because the Petition appears untimely and presents no cognizable claim for federal habeas relief.[1]

With regards to timeliness, the Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences.  28 U.S.C. § 2244(d)(1).  Petitioner was required to file his federal habeas petition within one year from the latest of:

(1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) the date on which any impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claims presented could have been discovered through due diligence.

*See* 28 U.S.C. § 2244(d) (1) (A-D).

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th  Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     CV16-02205 JVS (KS)                    Date:   April 6, 2016
Title        *Arthur Torres v. Scott Frauenheim, Warden*

Here, Petitioner's conviction became final on August 19, 2003, *i.e.,* 90 days after the California Supreme Court affirmed the judgment of conviction. Therefore, absent some basis for tolling, Petitioner was required to file his federal habeas petition no later than August 19, 2004. Instead he filed this Petition, 11 years, 7 months and 12 days after the AEDPA statute of limitations expired.

According to the Petition and its attachments, the transcript in which the deputy recounts Morales's statements was in the file prior to trial in April, 2000. (Petition at 6.) Thus, more than 14 years have passed since Petitioner could have discovered the factual predicate for his claim regarding trial counsel's failure to investigate or raise this issue at trial and he has not specifically alleged any extraordinary circumstances that prevented him from filing this action before this year. *Cf. Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted). Accordingly, the Petition must be dismissed as untimely.

In light of these defects, **Petitioner is ORDERED TO SHOW CAUSE on or before May 6, 2016 why the Petition should not be dismissed** – that is, he must submit a First Amended Petition For Writ Of Habeas Corpus By A Person In State Custody that includes: (1) specific factual allegations demonstrating the Petition's timeliness under 28 U.S.C. § 2244(d)(1); and (2) specific factual allegations to support a claim that if the claim is untimely, he is entitled to equitable tolling.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

*//*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.      CV16-02205 JVS (KS)                    Date:   April 6, 2016

Title      *Arthur Torres v. Scott Frauenheim, Warden*

      If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**IT IS SO ORDERED**.

**Initials of Preparer**          rh