**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ARTHUR TORRES, | ) | NO. CV 16-2205-JVS (KS) |
|       Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| SCOTT FRAUENHEIM, Warden, | ) | |
|       Respondent. | ) | |
| _____ | ) | |

On March 31, 2016, Arthur Torres ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2254. (Dkt. No. 1.)

Petitioner is serving a sentence of "three consecutive terms of life imprisonment without the possibility of parole, one consecutive term of life imprisonment with the possibility of parole, and an aggregate determinate term of 31 years" resulting from his May 2001 conviction of the following seventeen crimes: two counts of first degree murder committed during the commission of attempted robbery; one count of first degree murder committed during the commission of kidnapping; one count of carjacking; one count of

attempted carjacking; one count of kidnapping for carjacking; one count of kidnapping; one count of torture; two counts of possession of a firearm by a felon; one count of assault with a firearm involving personal use of a firearm; one count of robbery involving personal use of a firearm; one count of robbery; and four counts of attempted robbery. Report and Recommendation of United States Magistrate Judge at 2-3, *Arthur Torres v. Richard Kirkland*, No. CV 05-5075-AHM (VBK), (C.D. Cal. May 2, 2007), ECF No. 37 (hereinafter "2007 Report and Recommendation"); *see also People v. Torres*, Case No. B152866, 2003 Cal. App. Unpub. LEXIS 2557, at *1-*5 (Mar. 17, 2003).

The Petition presents one claim for relief: ineffective assistance of counsel in connection with trial counsel's failure to investigate and raise at trial statements by Isabel Morales that indicated that she, the victim of Petitioner's crime of kidnapping for carjacking, "was involved in a plot of kill Beto Salas" – the victim of three of Petitioner's other crimes: first degree murder during kidnapping; kidnapping; and torture – and, therefore, "was not [herself] carjacked or kidnapped." (Petition at 5, 6.) Petitioner contends that, if the jury had heard Morales' statements, there is a reasonable probability that it would have found him innocent of the kidnapping for carjacking charge and would not have convicted him of murdering Salas under the felony-murder rule.[1] (*Id.* at 6.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

---

[1] However, even if Petitioner obtained habeas relief on this claim, he would remain in prison for life without the possibility for parole based upon his convictions for, *inter alia*, the first degree murder during the commission of attempted robbery of Tommy Garnica and Juan Gonzalez. *See Torres*, 2003 Cal. App. Unpub. LEXIS 2557, at *6-*7 (detailing Petitioner's sentence).

**BACKGROUND**

Petitioner appealed his 2001 conviction in the California Court of Appeal, which struck two of the three multiple-murder special circumstances findings, and otherwise affirmed the judgment of the trial court. 2007 Report and Recommendation at 3. Petitioner filed a petition for review in the California Supreme Court, which denied his petition for review in 2003. *Id.* Petitioner then filed state habeas petitions in the Los Angeles County Superior Court (denied in April 2004), the California Court of Appeal (denied in June 2004), and the California Supreme Court (denied in June 2005). *Id.* at 3-4.

On July 12, 2005, Petitioner filed a Petition For Writ Of Habeas Corpus ("2005 Petition") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. 2007 Report and Recommendation at 1. He amended that Petition on August 16, 2005. On June 1, 2007, United States District Judge A. Howard Matz issued an order dismissing the Petition with prejudice. Petitioner appealed to the Court of Appeals for the Ninth Circuit, which denied a certificate of appealability on July 15, 2008.

According to the Petition, on October 13, 2015, Petitioner filed a habeas petition in the California Supreme Court presenting the claim in the instant petition – *i.e.*, that trial counsel was ineffective for failing properly investigate and raise at trial Morales' statements about her involvement in a plot to kill Salas. (Petition at 4-5.) On January 27, 2016, the California Supreme Court denied Petitioner's state habeas petition as untimely. (*Id.*); *see also* Supreme Court Docket in *Torres (Arthur) on H.C.*, S230009, *available at* http://appellatecases.courtinfo.ca.gov.

The instant Petition, like Petitioner's 2005 Petition, concerns Petitioner's 2001 conviction. On March 3, 2016, Petitioner filed an application for leave to file a second or successive Section 2254 petition. *See* Ninth Circuit Docket in *Arthur Torres v. Scott*

*Frauenheim*, Case No. 16-70595. According to the Ninth Circuit's docket, the Ninth Circuit has not granted Petitioner leave to file a second or successive petition. *See id.* On April 5, 2016, the Court received Petitioner's request that the Court stay these proceedings while the Ninth Circuit ruled on his application for leave to file a second or successive Section 2254 petition. (Dkt. No. 5.) However, Petitioner cited no legal authority, and the Court is aware of none, that permits a district court to stay a federal habeas proceeding over which it has no jurisdiction. (*See generally id.*)

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 2005 Petition, Petitioner sought Section 2254 relief based on the same state conviction at issue here. This Court denied the 2005 Petition on its merits and dismissed with prejudice. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b). However, Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. Accordingly, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Therefore, IT IS ORDERED that: the Petition is DISMISSED; Petitioner's motions for a stay and for appointment of counsel are DENIED; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the Ninth Circuit to raise his ineffectiveness claim in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2)*; Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2]  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: April 20, 2016

                                      JAMES V. SELNA
                                      UNITED STATES DISTRICT JUDGE

Presented by:

Karen L. Stevenson
United States Magistrate Judge

---

[2] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6